1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   IRSHAD T. ALAM,                        No. C 07-01311 CRB

12         Plaintiff,                       **MEMORANDUM AND ORDER**

13   v.

14   MICHAEL J. ASTRUE,

15         Defendant.
                                        /
16

17         Plaintiff's application for social security benefits was denied initially and on

18   reconsideration.  Defendant dismissed plaintiff's request for a hearing before an

19   administrative law judge on the ground that the request was untimely.  This lawsuit followed.

20   After carefully considering the argument and record, the Court DENIES plaintiff's motion

21   for summary judgment and GRANTS defendant's cross motion.

22                              **BACKGROUND**

23         Defendant denied plaintiff's application for social security benefits initially and on

24   reconsideration.  It mailed plaintiff notice of the reconsideration denial on January 3, 2006.

25   The notice advised plaintiff that if he disagreed with defendant's decision, he had 60 days to

26   ask for a hearing before an administrative law judge.  The notice also advised plaintiff that

27   (1) defendant would assume that plaintiff got the letter five days after the date of the letter;

28   (2) plaintiff must have a good reason for waiting more than 60 days to ask for a hearing; and

    (3)

*United States District Court*
*For the Northern District of California*

plaintiff must ask for a hearing in writing.  See 20 C.F.R. § 416.1433(a) & (b).

Plaintiff filed a request for hearing on April 27, 2006, 49 days after the expiration of the 60-day deadline.  On May 12, 2006, defendant wrote plaintiff informing him that the Agency requires more information to process his appeal.  In particular, the letter stated:

> THE DECISION WAS MADE ON 1/03/2006 AND YOU HAVE 60 DAYS TO FILE AN APPEAL FROM THIS DATE.  WE RECEIVED YOUR APPEAL REQUEST ON 4/27/2006.  YOU ARE NOT WITHIN YOUR APPEALS PERIOD.  YOU MUST GIVE A STATEMENT ABOUT WHY YOU ARE FILING THIS APPEAL LATE.  IF WE DO NOT RECEIVE THIS STATEMENT WE WILL DISMISS YOUR APPEAL REQUEST.

The letter directed plaintiff to contact defendant by May 26, 2006.

Plaintiff never responded to the letter.  On July 5, 2006, an agency administrative law judge sent plaintiff another letter.  The letter explained that if plaintiff wishes to submit a signed statement or other information showing the reasons his request for a hearing was untimely, he must do so within 15 days of the letter.  The administrative law judge also explained that if good cause is shown, he could extend the time period and consider plaintiff's request for a hearing as timely.

Plaintiff timely responded through an attorney.  The response explained that the request for a hearing was late because plaintiff was in Bangladesh from November 1, 2005 through April 11, 2006 and while in Bangladesh plaintiff became ill and received medical treatment.  Plaintiff also represented that while he was away he had a friend check his mail. The friend discovered the denial letter and contacted plaintiff.  Plaintiff thereafter spoke to someone at the Center for Independent Living in Berkeley who wrote a letter to defendant asking for an extension.[1]

The administrative law judge dismissed plaintiff's hearing request in a written opinion.  The judge found insufficient evidence to establish good cause to extend the time for filing and also found that plaintiff "possessed the mental capacity and wherewithal to timely file and that his failure to do so was due to events or behavior within his control."  Plaintiff

---

[1]In his motion for summary judgment plaintiff does not contend that anyone requested an extension on plaintiff's behalf.

1    subsequently filed this lawsuit pursuant to 42 U.S.C. section 405(g).  He seeks remand to the

2    Appeals Council for a hearing on the merits.

3                                          **DISCUSSION**

4    **I.      Defendant's Decision Is Not Subject To Judicial Review**

5           Plaintiff challenges defendant's determination that he has not shown good cause for

6    his untimely request for a hearing.  The Social Security Administration regulations expressly

7    provide that a decision to deny a request to extend the time period for requesting review of a

8    decision is not subject to judicial review.  20 C.F.R. § 416.1403(a)(8).   Consistent with this

9    regulation, the Ninth Circuit has observed that defendant's "considerable discretion in

10   reviewing requests for extensions of time" is "likely unreviewable."  Robledo v. Chater, 105

11   F.3d 666, 666 (9th Cir. 1997) (citing Taylor v. Heckler, 765 F.2d 872, 877 (9th Cir. 1985)

12   (holding that the Social Security Administration's discretionary decisions are not subject to

13   judicial review)).  42 U.S.C. section 405(g)–the statute pursuant to which plaintiff brings this

14   case–only gives courts the authority to review final decisions; a decision not to grant an

15   extension of time is discretionary and is thus not final and reviewable.  Taylor, 765 F.2d at

16   877.  It is thus unsurprising that plaintiff does not cite, and the Court has not been able to

17   locate, a single case in which a court reviewed the Social Security Administration's decision

18   not to grant an extension of time for a filing or request for review.

19          The only exception to this unreviewable rule is when the plaintiff makes a colorable

20   constitutional claim.  "Such constitutional claim must relate to the manner or means by

21   which the" Social Security Administration decided not to grant the extension.  Robledo, 105

22   F.3d at 666.  Plaintiff does not have a colorable constitutional claim here.  Defendant sent the

23   notice to the address provided by plaintiff and gave plaintiff two opportunities two

24   demonstrate good cause for an extension of time.

25          Plaintiff responds that his request was filed on time; he is not seeking an extension of

26   time.  The applicable regulation provides that a request for a hearing must be filed "within 60

27   days after the date you receive notice of the previous determination or decision."  20 C.F.R.

28

**United States District Court**
For the Northern District of California

§ 416.1433(b).  Plaintiff contends that he did not literally receive notice until he returned from his trip abroad, within 60 days of when he filed his request for hearing.

Plaintiff does not cite any law or regulation to support his unprecedented interpretation.  The applicable regulation provides that "the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."   20 C.F.R. § 422.210(c).  Plaintiff's admission that the notice was delivered to the address he gave to the Social Security Administration is not "a reasonable showing to the contrary."  Plaintiff received the notice in January 2006; he did not read the notice until he returned to the location where it was received.  The time limitation does not begin to run when a claimant chooses to read the notice; it begins to run when it is received, that is, delivered to the address provided by the claimant.  Thus, plaintiff required an extension of time in order for his request for hearing to be timely.  As explained above, defendant's determination that plaintiff did not show good cause for an extension is not reviewable.

## II.    Defendant's Decision Is Supported By Substantial Evidence

Even if defendant's decision not to grant an extension was reviewable, the Court would affirm the denial of a hearing.  The administrative law judge's determination that plaintiff had not shown good cause is supported by substantial evidence and did not involve legal error.

### CONCLUSION

For the reasons explained above, plaintiff's motion for summary judgment is DENIED and defendant's motion is GRANTED.

**IT IS SO ORDERED.**

Dated: June 10, 2008

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28